**Maurice Samuel CUNNINGHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–84–00129–CR.**

Court of Appeals of Texas,
San Antonio.

June 28, 1985.

David R. Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Ernest Glenn, Charles Estee, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of indecency with a child. Punishment was assessed at twenty (20) years' confinement in the Texas Department of Corrections.

Appellant waived a jury, and trial was before the court on an indictment charging appellant with aggravated sexual assault.

This indictment, in pertinent part, charged appellant with the offense as follows:

[A]nd on or about the 3RD day of OCTOBER, A.D., 1983, MAURICE SAMUEL CUNNINGHAM, hereafter referred to as defendant, did then and there intentionally and knowingly cause the penetration of the mouth of MIRIAM STALLINGS, hereinafter called complainant, a child, by the sexual organ of the said defendant, and BY ACTS AND WORDS OCCURRING IN THE PRESENCE OF THE SAID COMPLAINANT, THE SAID DEFENDANT INTENTIONALLY AND KNOWINGLY THREATENED TO CAUSE THE DEATH OF THE SAID COMPLAINANT.

Thus the indictment charged appellant with aggravated sexual assault pursuant to TEX.PENAL CODE ANN. § 22.021(a)(3) and § 22.011(a)(2)(B) (Vernon Supp.1985). At the conclusion of the trial, the court found appellant guilty of indecency with a child pursuant to the specific provisions of TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp.1985).

In his sole ground of error, appellant alleges that the judgment of conviction is void because the conviction is for an offense not alleged or included in the indictment. Appellant asserts that the determination of whether an offense is a lesser included offense under TEX.CODE CRIM. PROC.ANN. art. 37.09 (Vernon 1981) is made upon a case by case basis, and the controlling factor is whether the lesser offense could be proved by the same facts as necessary to establish the offense charged. *Williams v. State,* 605 S.W.2d 596 (Tex.Crim.App.1980).

 TEX.PENAL CODE ANN. § 21.-11(a)(1) provides that a person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he engages in sexual contact with the child. Sexual contact is defined as any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.01(2) (Ver-

non Supp.1985). It has been consistently held that an essential element of the offense of indecency with a child is the intent to arouse or gratify the sexual desire of any person. *Duwe v. State,* 642 S.W.2d 804 (Tex.Crim.App.1982) and cases cited therein. This specific intent is a material fact in the description of the offense that must be specifically alleged in the indictment and is not incorporated in an indictment by the allegations of the general culpable mental states of knowingly and intentionally. *See Victory v. State,* 547 S.W.2d 1 (Tex.Crim.App.1976). Thus, a conviction for indecency with a child requires proof of an additional material fact, the required specific intent, which is not required to be proven for a conviction for aggravated sexual assault under the instant indictment. Under the indictment before us, indecency with a child is not a lesser included offense. In finding appellant guilty of what the trial court believed to be a lesser included offense, the court acquitted the appellant of the primary offense. *See Sample v. State,* 629 S.W.2d 86 (Tex.App.—Dallas 1981, no pet.).

The judgment is reversed and acquittal is ordered to be entered.