William Alfred CHANSLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 684–84.

Court of Criminal Appeals of Texas,
En Banc.

July 10, 1985.

Robert C. Bennett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin Hartmann and Jim Lavine, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

The appellant was convicted of the offense of solicitation to commit murder, V.T.C.A., Penal Code Sec. 15.03, in August of 1982. His punishment was assessed at three years in the Texas Department of Corrections and a fine of $5,000.00. On appeal the appellant alleged two grounds of error. The Houston Court of Appeals, First Judicial District, affirmed the conviction with Justice Murray Cohen dissenting. *Chanslor v. State*, 669 S.W.2d 786 (Tex. App.—Houston [1st Dist.] 1984). A motion for rehearing was denied.

The appellant filed a petition for discretionary review with this Court which was granted. The petition alleges two grounds of review for this Court's consideration which are very closely related. In his first ground of review, the appellant claims that reversible error was committed by the trial court in its refusal to submit an instruction to the jury on the *defensive* theory that the facts showed the appellant to be guilty of only aiding a suicide and not the crime of solicitation to commit murder, which carries a more severe penalty. His second ground of review alleges that reversible error occurred when the trial judge refused to submit an instruction to the effect that aiding a suicide is a lesser included offense to the crime of solicitation to commit murder.

The facts of the case are as follows. The appellant was a Houston attorney and businessman. In 1979 his wife of fifteen years, Sue Sanders Chanslor, suffered a stroke and was hospitalized. In spite of medical treatment and physical therapy, she eventually became confined to a wheelchair. This condition caused Mrs. Chanslor to become severely depressed. Testimony at trial indicated that she was so depressed that she began to desire to take her own life.

In 1981 the appellant advertised under a false name in several para-military magazines seeking to contact experts in poisoning. In one of these magazines, the appellant saw an advertisement by John Minnery for the sale of a six volume set of books entitled *How to Kill*. The appellant contacted Mr. Minnery in Branford, Canada, where Mr. Minnery lived and made arrangements to purchase poison from him. Mr. Minnery became suspicious of the appellant's intentions and contacted the police in Canada. After an investigation, the Canadian police arranged to have the appellant agree to buy $2,500 worth of poison from an undercover officer at the Houston Airport. This resulted in the appellant's arrest in Houston.

At trial the appellant testified that he never, at anytime, intended to kill his wife. According to his testimony, his only purpose in obtaining the poison was to make it available to his wife because she had pressured him to obtain it for her. This testimony was corroborated by Mrs. Chanslor. Mrs. Chanslor testified that she had frequently discussed with the appellant her

desire to commit suicide and had requested him to help her take her own life.

The appellant thus contends that evidence at trial existed to show that he was guilty only of aiding suicide, and not the crime of solicitation to commit murder. The offense of aiding suicide is defined in V.T.C.A., Penal Code Sec. 22.08, as follows:

"(a) A person commits an offense if, with intent to promote or assist the commission of suicide by another, he aids or attempts to aid the other to commit or attempt to commit suicide."

The offense of solicitation of murder is defined in the Penal Code, Sec. 15.03, as follows:

"(a) A person commits an offense if with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission."

The appellant's first ground of review urges that the testimony would entitle the appellant to a defensive instruction. We must agree with the Court of Appeals that this argument is without merit. At first reading the argument urged by the appellant seems to have a logical basis. He comes before this Court saying, in effect, that if he is guilty of a crime, it is a different crime than that for which he was tried and convicted. The appellant reasons that if this were found by the jury to be true, it would entitle him to an acquittal.

■ What the appellant overlooks is that aiding a suicide is a separate offense which is statutorily defined in our Penal Code. See V.T.C.A., Penal Code Sec. 22.08. It is not a defense to the crime of solicitation to commit murder or any other offense in the Penal Code. A defense by its very nature, if believed, negates the culpability of the accused. Merely being guilty of aiding suicide without more does not negate one's culpability as to anything.

The Texas Penal Code defines a defense and, by implication, a defensive issue as follows:

"(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue *requires that the defendant be acquitted.*" See V.T.C.A., Penal Code Sec. 2.03(d).

■ It is well settled that when evidence is admitted which supports a defense, an issue shall be submitted to the jury. Furthermore, when the issue is submitted, the trial court shall charge that reasonable doubt on that issue requires the defendant's acquittal. See e.g., *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Cr.App.1978); *Warren v. State*, 565 S.W.2d 931, 933–34 (Tex.Cr.App.1978); *Garcia v. State*, 605 S.W.2d 565, 566 (Tex.Cr.App.1980).

■ In the instant case, however, even if it were true that the appellant attempted to aid a contemplated suicide, reasonable doubt as to such an issue would not ipso facto require the jury to acquit the appellant of solicitation to commit murder. These are two separate offenses and the jury's finding the defendant guilty of aiding suicide would not necessarily preclude them from also finding him guilty of the offense charged. The appellant's first ground of review is overruled.

The appellant has alleged in his second ground of review that the trial court committed reversible error in refusing to give a jury instruction to the effect that aiding a suicide is a lesser included offense to the offense charged in this case.

■ This question, whether aiding suicide can be a lesser included offense of solicitation of murder, appears to be one of first impression before this Court. We hold that it can be and was in this case. We must sustain the appellant's second ground of review.

As this Court has noted:

"It is well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and

whether it be strong, weak, unimpeached, or contradicted...." *Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Cr.App.1974).

A charge on a lesser included offense is required when the evidence raises an issue that the defendant, if he is guilty at all, is guilty only of the lesser included offense. See e.g., *Sanford v. State*, 634 S.W.2d 850, 852 (Tex.Cr.App.1982); *Daywood v. State*, 248 S.W.2d 479, 481 (Tex.Cr.App.1952); *Simpkins v. State*, 590 S.W.2d 129, 132 (Tex.Cr.App.1979).

In the words of this Court writing in *Simpkins*, supra:

"... It is well settled that when evidence from any source raises a defensive issue or an issue of a lesser included offense, and the charge is properly requested, the charge on that issue must be submitted to the jury...."

■ It is furthermore well settled that a defendant's testimony alone is sufficient to raise such an issue. See *Day v. State*, 532 S.W.2d 302, 306 (Tex.Cr.App.1976); *Simpkins v. State*, supra, at 132. In this case the appellant's testimony was corroborated by testimony from the alleged victim, his wife. The jury could have reasonably believed that if the appellant was guilty at all that he was guilty only of aiding a suicide. They also could have reasonably believed the state's contention that the appellant had committed the offense of solicitation to commit murder.

■ The determination of issues of fact wherein reasonable minds may differ is clearly within the province of the jury and not the court. The appellant has the right to have the jury and not the court decide these issues from the evidence under proper instruction from the court. See *Thompson*, supra, at 624.

■ The determination of whether an offense is a lesser included offense to the one charged is determined by a careful reading of Art. 37.09, V.A.C.C.P., which provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a *less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;*

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense." (Emphasis added.)

Our case law has furthermore established that the determination of whether an offense is a lesser included offense must be made on a case by case basis. See *Ex parte McClelland*, 588 S.W.2d 957, (Tex. Cr.App.1959); *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Cr.App.1976). See also *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1976) (The Court of Criminal Appeals applied Art. 37.09, V.A.C.C.P. to determine if criminal trespass is a lesser included offense to burglary).

■ The appeals court, focusing its attention on the relevant section of the statute, which is section (2), found that the injury or risk of injury from the two offenses is the same because death was the desired end of both offenses. This overlooks the clear intention of the Legislature to differentiate offenses under this provision as to degree of injury to the same public interest. See Art. 37.09(2), supra.

The preservation of life is clearly a public interest which the Legislature has sought to protect by enacting laws condemning both solicitation of murder, a felony, and aiding suicide, which is a misdemeanor.

Just as the result of manslaughter and murder may be the same, i.e., the victim dies, it is nonetheless clear that public policy in Texas as expressed through the Legislature regards the taking of human life under circumstances of sudden passion to constitute a less serious injury to the public

interest than does pre-meditated murder. This is evidenced by the less severe penalty which is provided for the offense of manslaughter versus that which is provided for the offense of murder. See V.T.C.A., Penal Code Secs. 19.02 and 19.04.

Similarly the Legislature, by making V.T.C.A., Penal Code Sec. 22.08 (aiding suicide) a class c misdemeanor has clearly expressed the public policy of this state that aiding suicide is a less serious threat to the public interest of preservation of life than is the offense of solicitation to commit murder, V.T.C.A., Penal Code Sec. 15.03(a).

As in all cases involving homicide or attempted homicide, the defendant's intent determines the degree of injury to the public interest which must be protected. In this case the only dispute between the state and the appellant is his intent. The sole question is did the appellant intend to make the poison available to someone and thus aid a suicide or did he intend to feed it to an unwilling victim and thus commit murder. When the testimony of the appellant and his alleged victim raised a question as to which crime was actually committed, there was sufficient evidence to entitle the appellant to an instruction on a lesser included offense thereby allowing the jury to decide the issue. See *Simpkins*, supra, 590 S.W.2d at 132. This Court has applied a two-step analysis to determine if a charge on a lesser included offense is received. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. See *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Cr.App. 1985).

This case falls clearly within the guidelines of our *Aguilar* analysis, supra. All elements tending to prove the crime of solicitation to murder also could prove that the offense of aiding a suicide was intended. More importantly, there is ample evidence in the record that if the appellant is guilty of anything, he is guilty only of the lesser offense. In applying this analysis,

we have determined that in this case the offense of aiding suicide, Art. 22.08, is a lesser included offense to the charge of solicitation to commit murder, Art. 15.03, supra. It was incumbent upon the trial court to issue an instruction to that effect. The failure to do so was reversible error, which seriously compromised the appellant's right to a fair trial.

The judgment of the Court of Appeals is reversed and the cause remanded to the trial court.