Raymond Drew RYAN, Appellant,

v.

STATE of Texas, Appellee.

No. 01–85–00556–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 17, 1986.

Gerald B. Scheve, Houston, for appellant.

John B. Holmes, Jr. Harris Co. Dist. Atty., Houston, Roe Morris, Lorraine Parker, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before LEVY, DUGGAN and DUNN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for indecency with a child upon a plea of guilty, in which the court assessed punishment at three years confinement.

Appellant was charged by indictment with aggravated sexual assault under Tex. Penal Code Ann. sec. 22.011(a)(2)(A) and 22.021(a)(5) (Vernon Supp.1986), to which appellant pled not guilty. On the weekend of April 6, 1984, appellant had custody of his two daughters, V_____ A_____, age nine, and R_____ S_____, age six, pursuant to a divorce decree. The daughters testified that when they visited their father they slept in his bed, and he slept on the couch. They further testified that, after they had gone to sleep, their father entered the room and fondled first V_____ A_____ and then R_____ S_____. When the daughters were returned to their mother, they reported the incident. The mother notified the authorities, and the next day took the girls to their pediatrician. The doctor testified that he found no physical evidence of molestation or penetration, and he thereafter notified the child welfare authorities.

The State rested its case, and trial recessed for the day on April 23, 1985. On the following day, the record reflects that the appellant withdrew his plea of not guilty and pled guilty to indecency with a

child by agreement with the State, in return for the State's dismissing four other pending indictments. The court, after questioning appellant, discharged the jury. The court also stated that it was of the opinion that there was sufficient evidence to make a finding of guilt, based on the evidence and plea of guilty, but it deferred such finding pending a pre-sentence report.

At the punishment phase on June 24, 1985, the court pronounced a finding of guilt and, specifically declining probation, sentenced appellant to three years confinement. At that time, defense counsel reminded the court that an instructed verdict of acquittal was going to be given on the original charge for insufficiency of the evidence, but that the State had persuaded the court to allow it to go forward with the reduced charge of indecency to which appellant pled guilty.

Appellant raises a sole ground of error, asserting that the trial court erred in finding him guilty of an offense that is not a lesser included offense of the offense alleged in the indictment. He bases his contention on the premise that Tex.Penal Code Ann. sec. 21.11(a) and sec. 21.01(2) (Vernon Supp.1986) require as an element of the offense the "intent to arouse or gratify the sexual desire of any person." *Id.* Sections 22.011(a)(2)(A) and 22.021(a)(5), defining aggravated sexual assault, do not require the element.

The question of whether indecency with a child is a lesser included offense of aggravated sexual assault has been specifically addressed in *Cunningham v. State,* 694 S.W.2d 629 (Tex.App.—San Antonio 1985, no pet.). In that case, the San Antonio court held:

It has been consistently held that an essential element of the offense of indecency with a child is the intent to arouse or gratify the sexual desire of any person. This specific intent is a material fact in the description of the offense that must be specifically alleged in the indictment and is not incorporated in an indictment by the allegations of the general culpable mental states of knowingly and

intentionally. Thus, a conviction for indecency with a child requires proof of an additional material fact, the required specific intent, which is not required to be proven for a conviction for aggravated sexual assault under the instant indictment. Under the indictment before us, indecency with a child is not a lesser included offense. In finding appellant guilty of what the trial court believed to be a lesser included offense, the court acquitted the appellant of the primary offense.

*Id.* at 630 (citations omitted); *see also Duwe v. State,* 642 S.W.2d 804 (Tex.Crim. App.1982); *Slavin v. State,* 548 S.W.2d 30 (Tex.Crim.App.1977); *Victory v. State,* 547 S.W.2d 1 (Tex.Crim.App.1976). If the indictment alleges the requisite intent, such intent can be inferred from the defendant's conduct, remarks, and surrounding circumstances. *See McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981).

The State contends that the holding of *Cunningham* is not controlling on this Court, but that we should apply the principles of *Chanslor v. State,* 697 S.W.2d 393 (Tex.Crim.App.1985), and the rules for determining whether an offense is a lesser included offense as restated in *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App.1975). *See also* Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981).

*Cunningham* holds that indecency with a child is not a lesser included offense of aggravated sexual assault because it cannot be proved by "the same or less than all the facts required to establish" aggravated sexual assault. *See Cunningham,* 694 S.W.2d at 630; Tex.Code Crim.P.Ann. art. 37.09(1) (Vernon 1981).

Article 37.09 provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same per-

son, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

*Chanslor* maintained that "the determination of whether an offense is a lesser included offense must be made on a case by case basis." *Chanslor*, 697 S.W.2d at 396. Because article 37.09 provides four distinct means of determining whether an offense is a lesser included offense, *any one of which may be applied*, a case by case determination suggests that, depending on the facts and arguments presented, an offense may be a lesser included offense for some purposes, but not for others. *Chanslor* held that aiding suicide was a lesser included offense of solicitation of murder, noting that the only dispute in the case was whether the intent was to commit one or the other. *Id.* at 397. The basis for the holding was article 37.09(2). The court noted that the case was regarded as analogous to voluntary manslaughter, in that the legislature regarded voluntary manslaughter ("the taking of human life under circumstances of sudden passion") as "a less serious injury to the *public interest*" than murder. *Id.* at 396–397 (emphasis added). At first blush, this would appear to contradict a prior holding of the same year in which the court held that voluntary manslaughter was *not* a lesser included offense of murder because of the additional element of sudden passion. *See Bradley v. State*, 688 S.W.2d 847, 853 (Tex.Crim.App. 1985), the holding of which was based on article 37.09(1).

A significant distinction in *Bradley* is that the appellant "vociferously objected to the inclusion of the voluntary manslaughter charge" where there was no evidence of sudden passion. *Id.* at 853.

> By invoking the benefit of the lesser included offense charge at trial in not objecting to its submission ... [in the charge], an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense.

*Id.* (footnote omitted).

■ Turning to the instant case, the State here contends that the offense "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person" is involved. Art. 37.09(2). The less serious injury is contended to be touching by appellant's finger, as opposed to penetration. Furthermore, by pleading guilty to a charge regarded as a lesser offense by both the defendant and the State, as well as by the trial court, the State contends that the accused invoked the benefits of the lesser charge.

We agree. The recent amendment of the sexual assault statutes eliminated the requirement of the specific intent to arouse or gratify sexual desire. *See, e.g., Ex parte Cone*, 601 S.W.2d 383 (Tex.Crim.App. 1980) (en banc). However, we do not regard the change to a more general culpable mental state *in that statute* as expressing, by failure to amend the lesser offense of indecency, an implicit concommitant legislative intent to alter indecency to a similar, but no longer lesser included, offense.

Moreover, the facts of this case indicate that a less serious injury or risk of injury occurred: testimony implying the specific intent was given without objection by appellant's elder daughter, V——— A———, to the effect that appellant placed his "sort of stiff" penis between her "butt cheeks" before he moved to R——— S———.

■ Having invoked and agreed to the benefits of a lesser offense at trial, and by voluntarily pleading guilty, appellant is now estopped from appealing this ground. *See Bradley*, 688 S.W.2d at 853. The evidence amply supports the offense and the plea.

Appellant's ground of error is accordingly overruled, and the judgment of the trial court is affirmed.