Frankie Jean **CONNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 85 201A CR.

Court of Appeals of Texas,
Beaumont.

Feb. 11, 1987.

See also, 725 S.W.2d 457.

Constance A. Luedicke, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for sexual assault of a child (No. 18,030 in the court below) and compelling prostitution (No. 18,029 in the court below). Both indictments were tried together. Appellant was found guilty of both charges and the jury assessed punishment at twenty years confinement in the Texas Department of Corrections. This opinion resolves the appeal on compelling prostitution. Appellant alleges four points of error, none of which challenge the sufficiency of the evidence.

The state alleged that appellant intentionally and knowingly caused M.C., a person younger than 17 years, to commit prostitution by encouraging her to engage in sexual conduct for a fee and by means of that encouragement succeeded in causing her to have sexual contact with Roy Lee Reese for monetary compensation.

The victim was the 17–year old daughter of appellant, but was living with her maternal grandmother. The daughter testified that on at least three separate occasions, she was picked up by the mother, who then picked up Roy Lee Reese. Thereafter, appellant and Reese forced M.C. to have sexual intercourse, while appellant stood outside the car. Roy Lee Reese would give appellant money to give the victim after the sexual acts were completed. The compelling prostitution indictment grew out of the incident alleged to have occurred on or about January 17, 1985.

■ The initial point of error alleges the trial court committed error in overruling a motion to suppress a written statement given by appellant. Appellant testified, outside the presence of the jury, that she had been drinking beer and taking medication prior to the giving of the statement and did not know what she had signed during her interrogation. Appellant alleges the state did not rebut such testimony and that *Sherman v. State*, 532 S.W.2d 634 (Tex. Crim.App.1976) requires a reversal. *Sherman*, however, is not on point, in that an officer rebutted appellant's contentions in this case.

The detective testified that appellant was aware of her rights, understood them, and initialed the written statement form beside each enumerated right. The detective further stated that she observed no physical disabilities or indications that appellant did not have full mental capacity. The evidence was sufficient for the trial court to find that the confession was given freely and intelligently. This point of error is overruled.

Appellant's next point of error alleges the trial court erred in failing to submit a charge to the jury on the voluntariness of the confession. The issue of voluntariness was never raised in the presence of the jury, therefore, no charge was warranted. *Hughes v. State*, 562 S.W.2d 857 (Tex.Crim.App.1978). Further, appellant did not object to the charge to request inclusion of the voluntariness issue, therefore, nothing was preserved for review. *Boles v. State*, 598 S.W.2d 274 (Tex.Crim. App.1980). This point of error is overruled.

The third point of error involves the form of the verdict and the manner in which it was delivered and received. The jury announced they had reached a verdict when they initially returned to the courtroom. However, the trial court noticed that the jury had only signed the verdict form in the sexual assault case and had neglected to return a verdict in the compelling prostitution charge. The jury returned to the courtroom a second time and the court then noted that the foreman had signed the verdict form which indicated a finding of guilty of the compelling prostitution charge, but not guilty of the lesser included charge of prostitution. The court sent the jury back to the jury room after the following oral instruction:

> THE COURT: Well, sir, I am going to ask you to go back in there one more time and read the Court's Charge with regard to the offense of compelling prostitution and whether or not you consider the lesser-included offense of prostitution. I will have to ask that you go back there one more time.

The jury again returned to the courtroom and submitted a verdict form which had found appellant guilty of compelling prostitution, the original finding of not guilty of the lesser included charge of prostitution had been lined through and there was an additional finding of guilty to the prostitution charge. The court then accepted the verdict. Appellant complains the trial court erred in accepting a finding of guilty on both charges.

Appellant avers that conviction of the lesser included offense bars conviction of the greater offense. He relies on *Cunningham v. State*, 694 S.W.2d 629 (Tex. App.—San Antonio 1985, pet. granted), however, that reliance is misplaced. In *Cunningham*, the defendant was not convicted of a lesser included offense, he was convicted, in a bench trial, of a totally separate and distinct offense not alleged in the indictment. The finding by the court operated as an acquittal of the offense alleged in the indictment.

Prostitution may be a lesser included offense of compelling prostitution. *Raven v. State*, 533 S.W.2d 773 (Tex.Crim. App.1976). Therefore, there is no conflict in a finding of guilty on both offenses since all of the elements of the offense of prostitution are included within the elements of compelling prostitution. This point of error is overruled.

The last point of error alleges the verdict is void because appellant was indicted in the 9th District Court and was tried in the 221st District Court. Appellant's contentions are without merit for two reasons. First, while *TEX.CODE CRIM.PROC. ANN. 4.16* (Vernon 1977) provides that the first court in which an indictment is filed retains jurisdiction, this does not preclude or oust jurisdiction of other courts with concurrent jurisdiction. *Garber v. State*, 667 S.W.2d 611 (Tex.App.—El Paso 1984, no pet.). Moreover, appellant may not complain about this for the first time on appeal if it was apparent at the time of trial. *See Jones v. State*, 700 S.W.2d 31 (Tex.App.— Houston [1st Dist.] 1985, no pet.). Second, *TEX.REV.CIV.STAT.ANN. art. 199a, sec. 2.002(b)* (Vernon Supp.1987) allows the judge of the 221st District Court to "try and determine any case or proceeding pending in either of the other courts without having the case transferred...." Thus, there was no error.

The judgment of the trial court is affirmed.

AFFIRMED.