Michael Wayne GOODIN, Appellant,

v.

The STATE of Texas, State.

No. 2–85–272–CR.

Court of Appeals of Texas,
Fort Worth.

March 26, 1987.
Rehearing Denied April 16, 1987.

Travis W. Young and Mary Thornton Taylor, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, Betty Stanton and Richard Roper, Fort Worth, for State.

Before FENDER, C.J., HILL, J., and HARRY HOPKINS, J. (Retired, sitting by assignment).

## OPINION

FENDER, Chief Justice.

Michael Wayne Goodin appeals from a conviction of murder. *See* TEX.PENAL CODE ANN. sec. 19.02(a)(2) (Vernon 1974). The jury assessed his punishment at confinement for 43 years in the Texas Department of Corrections. Appellant complains that the trial court erred by failing to submit his requested jury charges on aiding suicide, conspiracy to commit murder, and mistake of fact.

We affirm.

On or about January 9, 1985, appellant shot and killed Lisa Griffin in an isolated portion of Benbrook. Appellant knowingly and voluntarily confessed to the shooting but claimed the deceased talked him into it by convincing him that she wanted to die and offering to give him her car and a check for a couple of hundred dollars. He contends she explained that her problems with her mother, her boyfriend, drugs, and money made her very unhappy.

The State's witnesses, however, characterized the deceased as happy though concerned about her problems. Her mother and sister testified that she was looking forward to enrolling in junior college in the near future. The county medical examiner testified that, in his opinion, bruises on the deceased's body indicated some kind of struggle before death.

■ Appellant first contends that the trial court erred in failing to submit to the jury his requested charge concerning aiding suicide. Appellant feels he is entitled to such a submission on the grounds that aiding suicide is either a defensive issue or a lesser included offense of murder. When evidence from any source raises a defensive issue or an issue of a lesser included offense, and the charge is properly requested, the charge on that issue must be submitted to the jury. *Coit v. State*, 629 S.W.2d 263, 265 (Tex.App.—Dallas 1982, pet. ref'd).

■ Aiding suicide is not a defense. *Chanslor v. State*, 697 S.W.2d 393, 395 (Tex.Crim.App.1985). The Court of Criminal Appeals explains:

[A]iding a suicide is a separate offense which is statutorily defined in our Penal Code. See V.T.C.A., Penal Code Sec. 22.-08. It is not a defense to the crime of solicitation to commit murder or any other offense in the Penal Code. A defense by its very nature, if believed, negates the culpability of the accused. Merely being guilty of aiding suicide without more does not negate one's culpability as to anything.

The Texas Penal Code defines a defense and, by implication, a defensive issue as follows:

"(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue *requires that the defendant be acquitted.*" See V.T.C.A., Penal Code Sec. 2.03(d).

*Id.* (original emphasis). This contention is overruled.

Appellant next argues that aiding suicide is a lesser included offense of murder. *Chanslor* states that aiding suicide is a lesser included offense of solicitation to commit murder. *See id.* at 397; TEX.PENAL CODE ANN. sec. 15.03 (Vernon 1974) (defining criminal solicitation). In *Chanslor*, no death resulted from the accused's action of attempting to purchase poison for his wife. *See Chanslor*, 697 S.W.2d at 394. Appellant argues that if aiding suicide which does not result in death is a lesser included offense of solicitation to murder, then aiding suicide which does result in death, could be a lesser included offense of a completed "murder" depending upon the facts which might raise such a lesser included offense issue.

The Court of Criminal Appeals has established a two-pronged test for determining whether an accused is entitled to a charge

on a lesser included offense. *See Cordova v. State,* 698 S.W.2d 107, 113 (Tex.Crim. App.1985). First, the elements of the lesser included offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence in the record to show that if the accused is guilty, he is guilty only of the lesser offense. *Id.* We will not address the second prong because of our finding, below, as to the first.

Appellant was charged with having committed the offense of murder as defined below in subsections one and two of section 19.02(a), Texas Penal Code:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual....

TEX.PENAL CODE ANN. sec. 19.02(a) (Vernon 1974). Aiding suicide is defined in the Texas Penal Code as follows:

A person commits an offense if, with intent to promote or assist the commission of suicide by another, he aids or attempts to aid the other to commit or attempt to commit suicide.

TEX.PENAL CODE ANN. sec. 22.08(a) (Vernon 1974).

■ We believe the aiding suicide statute encompasses action which indirectly contributes to another's voluntary suicide, such as providing access to poison or a gun. We do not believe that this offense includes action on the part of an accused which directly causes the death of another, even if done at the deceased's request. The statute defines the offense as promoting or assisting *the commission of suicide by another. Id.* Although few Texas cases address this distinction, the Court of Criminal Appeals has stated that:

[A] party would not be justified in taking the life of the party who desires to forfeit his life by shooting the would-be destroyer at his request, for in that case it would be the direct act of the accused, and he would be guilty of homicide, although he fired a shot at the request of the would-be suicide.

*Sanders v. State,* 54 Tex.Crim. 101, 112 S.W. 68, 70 (1908). Likewise, when one goes further than providing poison to another, and with knowing intent administers the poison, the offense is murder even though the deceased voluntarily swallows it. *See Aven v. State,* 102 Tex.Cr.R. 478, 277 S.W. 1080, 1083 (1925). Aiding suicide, therefore, requires proof of an element, action that indirectly allows or encourages another to kill himself, which is not included in murder.

The *Chanslor* case cited by appellant is distinguishable from the present case because the accused in *Chanslor* testified that he never intended to kill his wife. *See Chanslor,* 697 S.W.2d at 394. He only intended to make the poison available to her. *See id.*

■ In this case, appellant did more than provide the instrument of death. By his own admission we know that he directly caused the death by shooting the deceased. By so doing he precluded any claim that he was merely aiding suicide. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the trial court erred in failing to submit his requested jury charge concerning conspiracy to commit murder. Again, appellant claims he is entitled to such a charge either as a defensive issue or a lesser included offense issue.

■ The Court of Criminal Appeals has held that aiding suicide is not a defense. *See Chanslor,* 697 S.W.2d at 395. The same logic used to support that holding applies to this contention. Conspiracy is a separate offense defined by the Penal Code. *See* TEX.PENAL CODE ANN. sec. 15.02(a) (Vernon 1974). It, therefore, is not a defense. *See Chanslor,* 697 S.W.2d at 395.

■ Conspiracy to commit murder also is not a lesser included offense of murder. Conspiracy requires proof of an agreement between two or more persons to engage in conduct that would constitute a felony. *See* TEX.PENAL CODE ANN. sec. 15.02(a). No agreement is required to estab-

lish murder. *See* TEX.PENAL CODE ANN. sec. 19.02(a). Conspiracy to commit murder, therefore, cannot be a lesser included offense of murder. *See Cordova,* 698 S.W.2d at 113. Appellant's second point of error is overruled.

As his final point of error, appellant contends that the trial court erred in refusing to submit his requested jury charge on mistake of fact. Appellant states in his confession that the only reason he shot the deceased "was because she asked me to and she was going to give me her car and some money and I feel I was talked into it by her." His counsel argues that appellant's borderline to low normal range of intelligence makes appellant's mistaken belief that the deceased could consent to her own death reasonable and negates the required culpable mental state.

■ The Court of Criminal Appeals has consistently held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *See, e.g., Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim. App. 1986) (en banc); *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App. 1984); *Moon v. State,* 607 S.W.2d 569, 570 (Tex.Crim.App.1980). The instruction must be submitted whether the evidence supporting it is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *See Hayes,* 728 S.W.2d at 807; *Dyson,* 672 S.W.2d at 463; *Warren v. State,* 565 S.W.2d 931, 933 (Tex.Crim. App.1978). The appellant's testimony alone may be sufficient to raise the issue so as to entitle appellant to an instruction. *See Hayes,* 728 S.W.2d at 807; *Dyson,* 672 S.W.2d at 463; *Warren,* 565 S.W.2d at 933. This is especially true when appellant makes a proper and timely request for such a charge. *Hayes,* 728 S.W.2d at 807. Such testimony of other evidence is to be viewed in a light most favorable to the appellant. *See Dyson,* 672 S.W.2d at 463.

■ Mistake of fact is a defensive issue defined in the Penal Code as follows:

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact *if his mistaken belief negated the kind of culpability required for commission of the offense.*

TEX.PENAL CODE ANN. sec. 8.02(a) (Vernon 1974) (emphasis added). The culpable mental state required by Texas Penal Code section 19.02(a)(2), under which appellant was convicted, is intent to cause serious bodily injury. *See* TEX.PENAL CODE ANN. sec. 19.02(a)(2). According to the Penal Code:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

TEX.PENAL CODE ANN. sec. 6.03(a) (Vernon 1974). As emphasized above, the mistaken belief of the actor must negate the culpability required. *Kennard v. State,* 649 S.W.2d 752, 758 (Tex.App.—Fort Worth 1983, pet. ref'd). The mistake of fact defense is not available if the undisputed evidence shows that the accused intended to engage in the conduct charged. *See id.* at 760.

■ In this case, appellant's intent is clear. He admitted that he took the gun, pointed it at the deceased, and pulled the trigger. Had appellant reasonably and by mistake believe that the gun was a water pistol, such a mistake of fact could negate the required culpable mental state. A belief, however, that one could lawfully consent to his own death in no way negates the intent to cause that person serious bodily injury or death. Appellant's final point of error is overruled.

The judgment is affirmed.