Ahmin2 v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-093-CR





AMIN SATTAR AHMED,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 99,083, HONORABLE MACE B. THURMAN, JR., JUDGE



 




 Appellant was convicted of felony theft and sentenced to
five years imprisonment, probated. Tex. Pen. Code Ann. § 31.03(e)
(4)(A) (Supp. 1991). In two points of error appellant challenges
the sufficiency of the evidence to support a felony conviction. He
complains that the evidence was insufficient to support a finding
that the property was worth at least $750, the jurisdictional
threshold for felony theft, and that the testimony about value was
inadmissible as hearsay. We overrule both points of error and
affirm the conviction.

 The Austin Police Department conducted a "sting"
operation in which undercover officers sold cartons of cigarettes
represented to have been stolen. Appellant was arrested for
purchasing ninety-four cartons of mixed-brand cigarettes during the
"sting." At trial, Austin police officers Mark Gil and Don Mayes
testified about the value of the cigarettes. Officer Gil, the
coordinator of the "sting," testified that a carton of name-brand
cigarettes was worth approximately $12.50 on the day of the offense
and approximately $13 on the day of the trial. To arrive at these
figures he had called a retail store and asked the price per carton
of three name-brand cigarettes. 

 Appellant objected to Officer Gil's testimony,
complaining that it was hearsay. He argued that Officer Gil could
not testify about the value of the cigarettes because he was not an
owner and was not qualified as an expert. The trial court
overruled appellant's hearsay objection and allowed Officer Gil to
testify as an owner of the cigarettes, stating that the officer,
who was in charge of the "stolen property," had a greater right of
possession to the cigarettes than the appellant. 

 We first address appellant's complaint that Officer Gil's
testimony about value was inadmissible hearsay and therefore was
not competent evidence that the value of the stolen property
received was at least $750. Because appellant does not challenge
the court's determination that Officer Gil had sufficient custody
and control of the cigarettes to qualify as an owner, we test the
validity of appellant's hearsay objection under the existing
doctrinal law governing an owner's right to testify about the value
of property.

 In Texas, the owner of property, although not qualified
as an expert, is competent to testify about the value of that
property. Sullivan v. State, 701 S.W.2d 905, 908 (Tex. Cr. App.
1986); Davila v. State, 547 S.W.2d 606, 610 (Tex. Cr. App. 1977). 
The owner's opinion is admissible although based on hearsay
testimony. Esparza v. State, 367 S.W.2d 861, 862 (Tex. Cr. App.
1983); Holmes v. State, 126 Tex. Crim. 587, 72 S.W.2d 1092, 1093
(1934). In Sullivan, the Court of Criminal Appeals established
distinct requirements for qualifying an owner, as opposed to a non-owner, to testify about the value of property:



When the proof of value is given by a non-owner, the non-owner must be qualified as to his knowledge of the value
of the property and must give testimony explicitly as to
the fair market value or replacement value of the
property.


However, when the owner of the property is testifying as
to the value of the property, he or she may testify as to
his or her opinion or estimate of the value of the
property in general and commonly understood terms. 
Testimony of this nature is an offer of the witness' best
knowledge of the value of his property. Such testimony
will constitute sufficient evidence for the trier of fact
to make a determination as to value based on the witness'
credibility.



701 S.W.2d at 909. Appellant asks this Court to follow a later
case which purports to limit Sullivan by holding that an owner's
testimony about value may not be based solely on hearsay. McMillan
v. State, 754 S.W.2d 422, 425 (Tex. App. 1988, pet. ref'd). 

 In McMillan, the owner of a stolen diamond attempted to
expand the Sullivan doctrine to give "eyeball" testimony about the
weight of the missing diamond, even though the owner had never
personally weighed the diamond and was relying on third-party
estimates she "recalled." The State needed this testimony to meet
its burden of proof because the diamond had been described in the
indictment to weigh one carat. The State argued that hearsay
testimony by an owner about the weight of a diamond was analogous
to hearsay testimony by an owner about value. Citing a jeweler's
testimony that it was "impossible for the naked eye to determine
the weight of the diamond," the court rejected the analogy and
ruled that an owner who had no personal knowledge about the weight
of her diamond could not give testimony about its weight based
solely on hearsay. Id.

 Even though there was no issue regarding the value of the
diamond, the McMillan court unnecessarily extended its ruling to
require that an owner have personal knowledge in order to testify
about the value of her property. We view this portion of the
opinion as dictum squarely at odds with the holding in Sullivan. 
In criminal cases we are bound by the rulings of the Court of
Criminal Appeals. We conclude that the trial court properly relied
on Sullivan to admit Officer Gil's testimony about the value of the
cigarettes.

 Appellant next complains that there was insufficient
evidence to prove that the stolen cigarettes had a value of at
least $750. In criminal appeals where the appellant challenges the
sufficiency of the evidence, we must consider the evidence in the
light most favorable to the verdict and limit our review to
determining whether any rational trier of fact could have found,
from the evidence presented, the elements of the charge beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Butler v. State, 769 S.W.2d 234, 239 (Tex. Cr. App. 1989).

 In addition to Officer Gil's testimony regarding the
retail price of cigarettes by the carton, Officer Mayes testified
that the appellant's own store sold "off-brand" cigarettes at
$12.50 per carton at the time of trial. Officer Mays also
testified that on the day of the offense the appellant had
designated twenty-eight of the stolen cartons as "off-brand" and
sixty-four cartons (1) as "name-brand" cigarettes. 

 The trier of fact determines the credibility of the
witnesses, weighs the evidence and resolves all conflicts in the
testimony. Chanslor v. State, 697 S.W.2d 393, 396 (Tex. Cr. App.
1985); Tex. Code Cr. P. Ann. art. 38.04 (1979). The Sullivan court
specifically holds that an owner's testimony will support a
challenge to the sufficiency of the evidence, depending on the
witnesses' credibility. 701 S.W.2d at 909. This "sting" involved
a total of ninety-four cartons of cigarettes. The trier of fact
believed the two officers' testimony that the average value per
carton, including "off-brand" and "name-brand" cigarettes, was at
least $8 (94 cartons x $8 = $752). Viewing the evidence in the
light most favorable to the verdict, we hold that any rational
trier of fact could have found that the total value of the cartons
of cigarettes purchased by appellant met or exceeded $750. The
record contained testimony from Officers Gil and Mayes that the
value per carton at the time of the offense and at the time of
trial was between $12.50 and $13. Although appellant objected to
Officer Gil's testimony as hearsay, the court properly overruled
this objection. The appellant made no other objections and failed
to offer any evidence that the value per carton was less:



If the appellant wishes to rebut the owner's opinion
evidence he must do more than merely impeach the witness'
credibility during cross-examination. He must offer
controverting evidence as to the value of the property.



Sullivan, 701 S.W.2d at 909.

 We conclude that appellant's points of error have no
merit and we affirm the conviction.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B.A. Smith]

Affirmed

Filed: June 12, 1991

[Do Not Publish]
1. Officer Mayes testified that appellant counted 92 cartons
of cigarettes. There is evidence in the record that there were 94,
the number listed in the Warrant of Arrest and Detention.