Burgett v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-300-CR

STEPHEN WEBSTER BURGETT, JR. A/K/A APPELLANT

STEPHEN WEBSTER BURGUTT, JR.

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Stephen Webster Burgett, Jr. appeals his conviction for murder.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his first two points, appellant contends that the evidence is legally insufficient to establish that he intentionally or knowingly caused the death of the victim and that he intended to cause serious bodily injury to the victim.  Upon reviewing the evidence under the applicable standard of review,
(footnote: 2) we conclude
 that the evidence presented at trial was legally sufficient to establish appellant’s intent to cause the death of the victim.  Appellant admittedly brought a gun that he knew to be loaded to a place where he thought he might encounter the victim, and intentionally shot the victim at close range.  It is permissible for a jury to infer intent to kill from the defendant’s use of a deadly weapon 
per se. 
 
Jones v. State
, 944 S.W.2d 642, 647(Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 832 (1997);
 
Moreno v. State
, 755 S.W.2d 866, 868 n.3 (Tex. Crim. App. 1988).  Thus, the jury could have inferred appellant’s intent to kill the victim from this use of a deadly weapon.
(footnote: 3)  

The evidence was also legally sufficient to establish appellant’s intent to cause serious bodily injury to the victim.  Intent to cause serious bodily injury can be inferred where a defendant intentionally fires a gun at the victim.  
Forest v. State
, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999); 
Goodin v. State
, 726 S.W.2d 956, 959 (Tex. App.—Fort Worth 1987), 
aff’d
, 750 S.W.2d 789 (Tex. Crim. App. 1988).  Appellant fired the gun into the victim’s back at close range, while his other arm was around the victim’s neck.  He never denied that he intentionally shot the victim, and therefore the jury could have inferred the intent to cause serious bodily injury.  We overrule appellant’s first two points.

In his third point, appellant contends that the trial court abused its discretion in granting the State’s motion in limine excluding Ms. Manasco’s testimony about threats that the appellant allegedly received on the phone from the victim.  The State took the witness on voir dire and established that she did not hear any threats on the phone herself, but rather was informed of these threats by appellant, her son.  Any further testimony by Ms. Manasco about the phone calls would have been based on inadmissible hearsay—statements made by her son and offered to prove the truth of the matter asserted by him.  
Tex. R. Evid.
 801(d), 802.  Therefore it was proper for the trial court to grant the State’s motion in limine and exclude Ms. Manasco’s testimony about the alleged threats.  We overrule appellant’s third point.

In his fourth point, appellant contends that the trial court erred by excluding Ms. Manasco’s testimony because the testimony was admissible under the present sense impression exception to the hearsay rule, and because her testimony would have been admissible to show the victim’s reputation for violent character.  
See
 
Tex. R. Evid.
 803(1);
 Thompson v. State
, 659 S.W.2d 649, 653 (Tex. Crim. App. 1983).  Appellant failed to preserve these contentions for appellate review by failing to raise them in the trial court.  
See
 
Tex. R. App. P.
 33.1.  We overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 4, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See
 
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

3:
In this case, the gun was a deadly weapon due to the manner of its use.  
See Jones
, 944 S.W.2d at 647 n.4.