COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-300-CR
 
STEPHEN WEBSTER BURGETT, JR. A/K/A                                APPELLANT 
STEPHEN WEBSTER BURGUTT, JR.
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Stephen Webster Burgett, Jr. appeals his conviction for murder. We will 
affirm.
        The parties are familiar with the facts of this case and the applicable law 
is well-settled. 
        In his first two points, appellant contends that the evidence is legally 
insufficient to establish that he intentionally or knowingly caused the death of 
the victim and that he intended to cause serious bodily injury to the victim. 
Upon reviewing the evidence under the applicable standard of review, 
 

 we 
conclude that the evidence presented at trial was legally sufficient to establish
appellant’s intent to cause the death of the victim. Appellant admittedly
brought a gun that he knew to be loaded to a place where he thought he might
encounter the victim, and intentionally shot the victim at close range. It is
permissible for a jury to infer intent to kill from the defendant’s use of a deadly
weapon per se. Jones v. State, 944 S.W.2d 642, 647(Tex. Crim. App. 1996),
cert. denied, 522 U.S. 832 (1997); Moreno v. State, 755 S.W.2d 866, 868 n.3
(Tex. Crim. App. 1988). Thus, the jury could have inferred appellant’s intent
to kill the victim from this use of a deadly weapon.
 

 
        The evidence was also legally sufficient to establish appellant’s intent to 
cause serious bodily injury to the victim. Intent to cause serious bodily injury 
can be inferred where a defendant intentionally fires a gun at the victim. Forest 
v. State, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999); Goodin v. State, 726 
S.W.2d 956, 959 (Tex. App.—Fort Worth 1987), aff’d, 750 S.W.2d 789 (Tex. 
Crim. App. 1988). Appellant fired the gun into the victim’s back at close range, 
while his other arm was around the victim’s neck. He never denied that he 
intentionally shot the victim, and therefore the jury could have inferred the 
intent to cause serious bodily injury. We overrule appellant’s first two points. 
        In his third point, appellant contends that the trial court abused its 
discretion in granting the State’s motion in limine excluding Ms. Manasco’s 
testimony about threats that the appellant allegedly received on the phone from 
the victim. The State took the witness on voir dire and established that she did 
not hear any threats on the phone herself, but rather was informed of these 
threats by appellant, her son. Any further testimony by Ms. Manasco about the 
phone calls would have been based on inadmissible hearsay—statements made 
by her son and offered to prove the truth of the matter asserted by him. Tex. 
R. Evid. 801(d), 802. Therefore it was proper for the trial court to grant the 
State’s motion in limine and exclude Ms. Manasco’s testimony about the 
alleged threats. We overrule appellant’s third point. 
        In his fourth point, appellant contends that the trial court erred by 
excluding Ms. Manasco’s testimony because the testimony was admissible 
under the present sense impression exception to the hearsay rule, and because 
her testimony would have been admissible to show the victim’s reputation for 
violent character. See Tex. R. Evid. 803(1); Thompson v. State, 659 S.W.2d 
649, 653 (Tex. Crim. App. 1983). Appellant failed to preserve these 
contentions for appellate review by failing to raise them in the trial court. See 
Tex. R. App. P. 33.1. We overrule appellant’s fourth point. 
        Having overruled all of appellant’s points, we affirm the trial court’s 
judgment.
 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 

PANEL A:   CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting 
by Assignment). 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 4, 2003