**Angel Muro DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08-90-00327-CR.

Court of Appeals of Texas,
El Paso.

Jan. 8, 1992.

Robert Leahey, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for state.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

### OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of aggravated assault. The jury assessed punishment at ten years' imprisonment and a fine of $5,000.00. We affirm.

In the Appellant's sole point of error, he asserts the court erred by allowing the State to exercise racially motivated peremptory challenges thereby denying the Appellant due process and/or equal protection of the law. At trial, after the jury had been selected, but before they were sworn and impaneled and before the remainder of the panel was released, both counsel approached the bench where the following exchange occurred:

DEFENSE: We struck everyone that was Black on the jury.

COURT: Well, the Defendant is Hispanic.

STATE: Judge, let me—

COURT: Just a second. It is his motion.

DEFENSE: All right.

COURT: Ladies and gentlemen, just bear with us one moment, if you will. Let me take the—view the State's strikes. I am reviewing for the record, the strikes of the State. Let me—just noticing those strikes, no, I don't show any Hispanics to be struck by the State. Do you see them?

DEFENSE: No, but I would point out to the Court that striking any cognizable racial group gives rise to a challenge even though the defense is not the same race. In this case, I believe the State struck Black members.

COURT: Do you know which juror in particular you are talking about?

DEFENSE: I think it was Kevin Smith; isn't that right?

STATE: One of them.

DEFENSE: Kevin Smith is one of them, and I will further point out to the Court that no questions were directed specifically to Kevin Smith. And this is a prima facie case, and I am entitled to a—

COURT: What is the State's position?

STATE: Well, Judge, the first case is, I disagree vehemently with what the law is in the State of Texas regarding that. I believe that the person struck has to be the same race as the Defendant. In this case, we have placed Mrs. Gonzales on the jury panel. We did not strike Mr. Antonio—what is that fellow's name, Gomez, nor did we strike Mrs. Molinar. In fact, we would have preferred to have Mrs. Molinar stay. I don't think the State has made any violation of the rule, and I think it is a very fair and impartial panel.

COURT: Let me just—raise your right hand.

.　　.　　.　　.　　.

COURT: As to Kevin Smith, did you have any reason to have—

STATE: His age and the way he was dressed and his demeanor. And I don't think he paid very much attention. He certainly didn't seem to take it very seriously. And I certainly didn't think it was the kind of thing he would take—you know, if it there wasn't [sic] any great weight, that he was going to listen.

COURT: Do you have any questions of Mr. Griffin? You may state your name for the record.

STATE: My name is Mike Griffin.

COURT: Do you have any questions, Mr. Griffin?

STATE: No, sir.

COURT: Okay. Thank you. With regard the motion, first of all, I do grant the first thing which is showing that the Defendant is minority and is Hispanic. Secondly, that the State has not struck jurors of the same minority, it has not been done here. In fact, no one was ever the same minority group

that was struck. And, thirdly, if, in fact, there was any minority, then I find that the State has raised a neutral reason to take the strike. So I have overrule [sic] the motion. Thank you.

 In *Powers v. Ohio*, 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the United States Supreme Court extended the holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to allow a defendant to challenge the State's peremptory strikes with regard to members of a race different from the race of the defendant. This holding has been adopted by the Texas courts. *Salazar v. State*, 818 S.W.2d 405, 409 (Tex.Crim.App. 1991).

 In addressing the trial court's findings upon appellate review, this Court must, viewing the evidence in the light most favorable to the trial court's rulings, review the record to determine if the finding is clearly erroneous. *Salazar*, at 408, 409. We note in the present case that the other black juror was never identified and his numerical place on the jury list was never established. If we assume pursuant to the dictates of *Batson*, that the Appellant has established a prima facie case of racially discriminatory jury selection, then the State has the burden of articulating a clear, specific and legitimate reason for the challenge relating to the particular case to be tried, and which is nondiscriminatory. *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim. App.1988). This showing does not need to rise to the level of a challenge for cause. *Id.* at 868. In giving his race-neutral explanations, the prosecutor may rely upon legitimate hunches and past experience as long as racial discrimination is not the motive. *Keeton*, 749 S.W.2d at 865. In the present case, the Appellant did not cross-examine the prosecutor nor did he offer any evidence contravening his testimony. It does not appear that he was prevented from doing so. Given the state of the record and a review thereof, we will not disturb the court's findings with regard to the juror Kevin Smith.

 The Appellant contends that the prosecutor offered no explanation with re-gard to the other juror and therefore failed to meet his burden of demonstrating race-neutrality. However, the Appellant never identified this juror and never established in the record his positioning on the jury list or the entire racial composition of the jury. It is incumbent upon the defense attorney to make an adequate record for appellate review in the trial court. *Keeton v. State*, 749 S.W.2d 861, 871 n. 1 (Tex.Crim.App. 1988) (Teague, J., concurring). Given the state of the record, again, we will not disturb the court's ruling. Point of Error No. One is overruled.

The judgment of the trial court is affirmed.