Manuel Delgado CALDERON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00065–CR.

Court of Appeals of Texas,
El Paso.

Feb. 3, 1993.

Discretionary Review Refused
May 12, 1993.

Thomas S. Morgan, Midland, for appellant.

J.W. Johnson, Jr., Dist. Atty., Ft. Stockton, for appellee.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

A jury convicted Manuel Delgado Calderon, Appellant, of aggravated sexual assault of a child and subsequently assessed punishment at life imprisonment. In six points of error, Appellant seeks review of the trial court's judgment. In his first point of error, Appellant challenges the denial of submission of his requested lesser included offense. Secondly, he contends that the prosecutor's *voir dire* was improper. Point of Error No. Three avers that the trial court erred in refusing to grant him a challenge for cause. In his fourth point, Appellant assigns error to the State's use of its peremptory strikes. In Points of Error Nos. Five and Six, Appellant argues that the prosecutor's closing argument was improper. We affirm.[1]

### Factual Background

Appellant is the paternal grandfather of the victim, B.C., who was six years old at the time of the offense. B.C. testified that on more than one occasion, the sixty-one year old Appellant had sexual intercourse with her while at his residence. B.C.'s mother's testimony as an outcry witness included evidence of both the alleged penetration and other sexual contact of the victim's breasts by Appellant.

### Analysis

■ In Point of Error No. One, Appellant argues that the trial court erred in failing to include the lesser included charge of indecency with a child in the jury charge. *See generally, Ryan v. State,* 708

S.W.2d 577 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). In order to establish the applicability of a lesser included offense, Appellant must show (1) that the lesser offense is included within the proof of the offense charged and (2) that there is some evidence that he, if guilty, is guilty only of the lesser included offense. *Gibbs v. State,* 819 S.W.2d 821, 831 (Tex.Crim.App. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992). In an effort to satisfy the second prong of the test, Appellant argues that the jury was free to accept or reject any of the testimony— including that indicating penetration. According to Appellant, he was guilty only of indecency with a child if the jury had disregarded the penetration testimony and believed the testimony regarding his other sexual contact with the child victim. Other than that, Appellant has directed us to no testimony or evidence indicating he is guilty only of indecency with a child. The mere fact that the State's evidence of aggravated sexual assault also proved the lesser of indecency with a child does nothing more than establish the first prong of the test. *See Gibbs,* 819 S.W.2d at 832. Simply because the jury was empowered to disbelieve all or any part of any witness's testimony does not tend to prove the necessary second prong. Since Appellant has not pointed us to any evidence in the record tending to show that Appellant, if guilty, is guilty only of the requested lesser included offense, Point of Error No. One is overruled.

In his second point of error, Appellant asserts error when the prosecutor in his *voir dire* examination discussed parole and its effect, including the importance of sentencing the Appellant to life imprisonment rather than ninety-nine years because of the parole laws. During his examination of the jury panel, the following took place:

DISTRICT ATTORNEY: And then it's my job to prejudice you[2], like I told you.

1. We note that a number of documents in the transcript filed in connection with the second trial were incorrectly numbered 1710 rather than Cause No. 1510.

2. Both at this point in his *voir dire* and at an earlier point when he said, "You know, like I told you, my job is to prejudice you hour by hour, witness by witness[,]" the district attorney foolishly used the phrase, "to prejudice you" in

And it's also my job in the punishment phase to give you evidence beyond a reasonable doubt why this Defendant should get the maximum punishment under the laws of our state of Texas. So there is no one who has a problem with giving the maximum sentence either, is there? That's life in the Texas Department of Corrections, ladies and gentlemen. That's what we will be asking for. And does everyone know the distinction between 99 years in the Texas Department of Corrections and life in the Texas Department of Corrections? Well, the distinction is, if you get 99 years in the Texas Department of Corrections, you would one day be eligible for parole. And once you get out, you're out. The State of Texas has no more ability to look after you and see that you follow a good life of a good solid citizen—

DEFENSE COUNSEL: I will object, Your Honor, to any mention of parole. Ask that the jury be instructed—jury panel to disregard it.

.    .    .    .    .

THE COURT: The objection is sustained. And I will instruct the jury to disregard the last question and comment of counsel.

DEFENSE COUNSEL: Your Honor, I move for mistrial.

THE COURT: Motion for mistrial is denied.

■ As shown by the record, defense counsel objected to the prosecutor's improper and incorrect comment about parole and upon having been sustained, promptly moved for mistrial after the court gave a

sufficient curative instruction, which motion was denied. A mistrial is appropriate only when the erroneous statement or remark injects matters that are so injurious or prejudicial that an instruction to disregard will not cure the harm. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App. 1982); *Mayfield v. State*, 803 S.W.2d 859, 863 (Tex.App.—Corpus Christi 1991, no pet.).

■ We have carefully reviewed the improper reference to the parole laws in the context of the entire *voir dire* examination, as well as other arguments of counsel, and find that no further comment was made by either party on that subject. *See Jackson v. State*, 726 S.W.2d 217, 221 (Tex. App.—Dallas 1987, pet. ref'd). There is a presumption that once it is instructed to disregard, a jury will obey that instruction and the error will be cured except where the objectionable argument or other action is so prejudicial or extreme that its harmful effect on the jury cannot be removed. *Nichols v. State*, 754 S.W.2d 185, 200 (Tex. Crim.App.1988), *cert. denied*, 488 U.S. 1019, 102 L.Ed.2d 808, 109 S.Ct. 819 (1989), *overruled on other grounds in Harris v. State*, 784 S.W.2d 5, 19; *Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App.), *cert. denied*, 484 U.S. 905 (1987). Thus, error contained in improper statements, questions or arguments by a prosecutor can usually be corrected by an instruction to disregard, thereby obviating the need for a mistrial, except in extreme cases where the improper statement, question or argument is clearly calculated to inflame the minds of the jury or so indelibly ingrained in their

connection with his duty as a prosecutor. This was, to say the least, a poor choice of words. It is the duty of a district attorney, not to convict, but to see that justice is done. Tex.Code.Crim. Pro.Ann. art. 2.01 (Vernon 1977). To inform the jury panel otherwise was error. As the Court of Criminal Appeals has said:

One of the duties of a prosecuting attorney in a criminal case in this State, no matter how repulsive the accused person may be to him, is to deal justly and fairly with that person, and he should never let his zeal get the better of his judgment.... Thus, 'the prosecuting attorney must assume the position of an impartial representative of justice,.... The obligation of a prosecutor to protect accused per-

sons from wrongful conviction is as binding as his duty to enforce the law.' [Citations omitted].

*Rougeau v. State*, 738 S.W.2d 651, 657 (Tex. Crim.App.1987). A prosecutor who sees his duty as obtaining convictions, rather than seeking justice, does his community a disservice. No matter how heinous a crime may be, an accused is *always* entitled to a fair trial, and it is *never* the prosecutor's job to prejudice the jury. Although we strongly condemn the prosecutor's use of the word "prejudice" in the context of his *voir dire* examination, it was neither objected to nor assigned as error on appeal and will not be considered further.

minds that it is not susceptible to withdrawal or retraction by an instruction to disregard. *Swallow v. State*, 829 S.W.2d 223, 226–27 (Tex.Crim.App.1992). We find that prosecutor's parole remark was made within an otherwise proper area of examination regarding the range of punishment. We therefore conclude that the brief erroneous comment regarding parole was not so prejudicial as to render ineffective the trial court's promptly administered curative instruction. *Zaiontz v. State*, 700 S.W.2d 303, 307 (Tex.App.—San Antonio 1985, pet. ref'd); *see also Wilkerson v. State*, 510 S.W.2d 589, 591–92 (Tex.Crim.App.1974).

Moreover, the record herein reflects that the court's charge on punishment included a properly worded instruction, as mandated by Tex.Code Crim.Pro.Ann. art. 37.07, § 4(a) (Vernon Supp.1993), authorized by a 1989 amendment to Article 4, Section 11 of the Texas Constitution. *Mukes v. State*, 828 S.W.2d 571, 574 (Tex.App.—Houston [14th Dist.] 1992, no pet.). Under the limited facts and circumstances of this case, the curative instruction given by the court and the instruction on parole in the charge, taken together, were sufficient to cure the prosecuting attorney's mention of parole in his *voir dire* examination. *See Horner v. State*, 508 S.W.2d 371, 372 (Tex.Crim.App. 1974); *Middlebrook v. State*, 803 S.W.2d 355, 360–61 (Tex.App.—Fort Worth 1990, pet. ref'd); *also compare Dues v. State*, 634 S.W.2d 304, 306 (Tex.Crim.App.1982) (where the Court held that uncorrected misstatement of law during *voir dire* examination denied defendant a fair trial). Point of Error No. Two is overruled.

■ Point of Error No. Three avers the trial court erred in refusing to grant Appellant's challenge for cause to one prospective juror. In reviewing the point, we are mindful that the trial court's exercise of discretion in determining whether individual panel members are qualified as per Tex.Code Crim.Pro.Ann. art. 35.16 (Vernon

1989) to serve on the jury is to be judged in light of the entire examination of that panel member. *Johnson v. State*, 773 S.W.2d 322, 325 (Tex.Crim.App.1989), *pet. for cert. filed* Aug. 25, 1992 (No. 92–5653).[3] Faced with a cold record, we give great deference to the trial judge who evaluated the potential juror's qualifications firsthand. *Mooney v. State*, 817 S.W.2d 693, 701 (Tex. Crim.App.1991); *Felder v. State*, 758 S.W.2d 760, 766 (Tex.Crim.App.1988).

■ We need not address the merit of this point of error due to Appellant's failure to properly preserve the error, if any. The record does indicate the challenged panel member was excused by Appellant's peremptory strike. *See Harris v. State*, 790 S.W.2d 568, 581 (Tex.Crim.App.1989). The record also reveals that Appellant exhausted each of his ten strikes. *See Harris*, 790 S.W.2d 568. However, preservation of any error in the trial court's denial of a challenge for cause *also requires* that Appellant request an additional peremptory strike to excuse another objectionable juror which he will be forced to accept due to his use of a peremptory strike on the challenged panel member. *Id.* Appellant merely claimed to the trial court there "will be some objection to jurors who we cannot exercise peremptory challenges to." The record is devoid of a request for additional peremptory strikes or a denial of such a request in regard to Appellant's challenges for cause.[4] Not having taken the necessary steps to preserve error, Appellant presents nothing for review, and the point of error is overruled. *Id.* at 582.

■ In Point of Error No. Four, Appellant contends the trial court erred in overruling his *Batson*[5] challenge to several of the State's peremptory strikes of minority panel members. In *Powers v. Ohio*, 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court has reaffirmed that an accused is entitled to a trial by a

---

3. *See also generally, Cantu v. State*, 842 S.W.2d 667, 681–85 (Tex.Crim.App.1992).

4. Appellant's request for additional peremptory challenges "because of the jurors struck for Batson purposes by the State" cannot supplant his

failure to preserve the alleged challenge for cause error.

5. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

jury whose members were selected on a racially-neutral, nondiscriminatory basis. On appeal from denial of a challenge to a peremptory strike, it is incumbent upon Appellant, in order to preserve error, to provide a record from which it can be determined that the trial judge's findings are clearly erroneous. *Hill v. State*, 827 S.W.2d 860, 865 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992); *Wyle v. State*, 836 S.W.2d 796, 797 (Tex.App.—El Paso 1992, no pet.); *Diaz v. State*, 823 S.W.2d 702, 704 (Tex.App.—El Paso 1992, no pet.).[6] A determination that the trial court's decision is clearly erroneous requires appellate courts to "look to the record to see if they are 'left with the 'definite and firm conviction that a mistake has been committed.'''" *Hill*, 827 S.W.2d at 865.

▇▇▇ Once the accused establishes a *prima facie* case of racially motivated strikes, the burden of production shifts to the State to provide a race neutral explanation. If the State makes such an explanation on the record, the preliminary issue of whether the defendant established a *prima facie* showing of intentional discrimination becomes moot. *Wyle*, 836 S.W.2d at 798 n. 3. At this juncture, the relevant inquiry is the facial validity of the State's reason for striking the veniremember. *Hernandez v. New York*, 500 U.S. ——, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395, 406 (1991). If the explanation is race neutral on its face, the burden of persuasion shifts back to the accused to establish by a preponderance of evidence that the reasons given were merely a pretext for the State's racially motivated use of its peremptory strikes. *Salazar v. State*, 818 S.W.2d 405, 409 (Tex.Crim. App.1991); *Williams v. State*, 804 S.W.2d 95, 102 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). At a minimum, this requires that some effort be exerted by the accused to rebut the explanation given by the State.

▇▇▇ In the instant case, Appellant challenged the State's strikes of five Hispanic panel members. The prosecutor advanced its reasons for excusing the panel members alleged by Appellant to have been improperly struck. Appellant only attempted to rebut the reasons given by the State as to one prospective juror. As to the remaining four strikes in opposition to which Appellant made no effort to persuade the trial court that the State's reasons were merely a pretext, we have reviewed the reasons given by the State and find the explanations to be facially valid.[7] Rather than some minimal rejoinder of the State's explanations, Appellant's argument is limited to an attack upon the credibility and integrity of the prosecutor, a matter which the trial judge was best situated to evaluate. *Wyle*, 836 S.W.2d at 800. Without more, we decline to conclude the trial judge's ruling was clearly erroneous when the record is viewed in a light most favorable to that ruling. *See Id.* at 797–99.

▇▇▇ Appellant's rejoinder of the State's explanation to prospective juror, Marisa Najar, was limited to countering the State's assertion that she failed to return a juror information card. However, no substantive rebuttal was made to the State's additional reason that she did not have any children. The prosecutor explained he believed it "necessary for a juror in the trial of this nature to have children themselves to be able to make a [sic] necessary determinations...." We conclude the State's reasons were neither facially invalid nor were they sufficiently countered to conclude that the trial court's ruling was clearly erroneous. *See Crawford v. State*, 770 S.W.2d 51, 54 (Tex.App.—Texarkana 1989, no pet.). For these reasons, Appellant's fourth point of error is overruled.

▇▇▇ Appellant's remaining points of error challenge the propriety of two of the prosecutor's closing arguments during the punishment phase of the trial. Proper jury argument is that which can be characterized as: (1) a summary of the evidence; (2) reasonable deductions from that evidence; (3) a response to argument of opposing

---

6. *See also Cantu*, 842 S.W.2d at 689.

7. These reasons include lack of attention, criminal records, prosecutions against family members, lack of children and lack of education.

counsel; or (4) a plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim.App.1990). In order to preserve the error, if any, the accused must obtain an adverse ruling from the trial court on an objection or a subsequent request that the jury be instructed to disregard unless the challenged argument is so inflammatory that its prejudicial effect cannot be alleviated by such an instruction. *Vester v. State*, 684 S.W.2d 715, 726 (Tex.App.—Amarillo 1983, *aff'd,* 713 S.W.2d 920). *See also Ramos v. State*, 831 S.W.2d 10, 13 (Tex. App.—El Paso 1992, pet. ref'd).

As to Point of Error No. Five, Appellant obtained an adverse ruling to his objection. Any preserved error is reversible if the argument was extreme, manifestly improper, violative of a mandatory statute or injected harmful new facts into the proceeding. *Ledesma v. State*, 828 S.W.2d 560, 563 (Tex.App.—El Paso 1992, no pet.). On appeal, Appellant argues a portion of the argument was a demand for a specific result based upon community sentiment. Appellant's trial objection stated the argument was beyond the record and was personal opinion. The trial court overruled the objection. While the challenged argument teeters on the edge of, if not beyond, the permissible bounds of proper argument,[8] we need not address the merit of the point because Appellant's complaint on appeal does not comport to his trial objection; thus, nothing is presented for review. *See DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991). As a result, we overrule Point of Error No. Five.

With regard to Point of Error No. Six, Appellant's objection was sustained, and the trial court instructed the jury to disregard. The challenged argument compared Appellant to a "thing" who by his act of sexual intercourse ripped the victim's private parts open. After the jury was instructed to disregard the comment, Appellant's request for a mistrial was denied. In light of the hideous facts deduced at trial of the sixty-one year old Appellant engaging in sexual intercourse with his six year old grandchild, we conclude the arguments, if improper, were not so inflammatory as to be manifestly improper.

In a case with somewhat analogous facts, we held the prosecutor's arguments that the accused was a "vicious" individual who treated his young victims like animals and compared him to a "disease" that should be "quarantined" in the penitentiary for a long time were not improper in light of the barbarous and brutal sexual acts committed. *See Ledesma*, 828 S.W.2d at 563–64. *See also Burns v. State*, 556 S.W.2d 270, 285 (Tex.Crim.App.), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977) (wherein prosecutor's argument that accused was an animal was proper deduction from evidence). The controlling principle is whether the argument is a reasonable deduction from the evidence. *See Duncantell v. State*, 563 S.W.2d 252, 258 (Tex.Crim.App.1978) (wherein use of terms "troublemaker" and "freeloader" were found to be proper and improper, respectively, based upon evidence presented). In light of the evidence presented that the physical examination of the child revealed tearing and scaring of her vagina by Appellant's acts of intercourse, we are confident that the instruction to disregard, if necessary, was sufficient to remove the alleged taint. *See generally, Parr v. State*, 575 S.W.2d 522, 528 (Tex.Crim.App.1978); *Burden v. State*, 634 S.W.2d 349, 353 (Tex.App.—Fort Worth 1982, pet. ref'd). Thus, no reversible error is presented. We overrule Point of Error No. Six.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court as modified.

---

8. The challenged argument explained the reason West Texas communities are relatively crime-free was because of harsh penalties assessed in West Texas.