Jones-CP v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-020-CR

     CLISTON PAUL JONES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court # F95-46033-MN
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Jones appeals from his conviction for possession with intent to deliver cocaine, to-wit: 1 gram or more but less than 4 grams, enhanced by a prior felony conviction, for which he
was sentenced to 25 years in the Texas Department of Criminal Justice, Institutional Division.
      Officer Nichols responded to a call concerning persons selling drugs. He arrived at a park
on Texas College Street in Dallas. When about 15 feet from where three men were sitting at a
table drinking beer, he saw Appellant stand up, walk away, and drop a plastic bag between tables. 
The bag contained 23 small baggies, each containing a $10 rock of cocaine, packaged for
individual street sales.
      Appellant was arrested and charged with possession with intent to deliver cocaine. He
testified he was innocent and that it was another person who dropped the cocaine. He admitted
he was a drug user and had a previous conviction for drug possession. A jury convicted him and,
after pleading "true" to the enhancement felony conviction, Appellant was sentenced by the court
to 25 years in prison.
      Appellant appeals on two points of error.
      Point one: "The trial court erred by denying Appellant's Batson motion."
      After each side struck their juror lists, Appellant's attorney requested a Batson hearing,
alleging the State had struck a minority juror without sufficient reason other than race. Counsel
asked the court to take judicial notice that Appellant was black. The court then asked the State to
give an explanation.
      The State responded:
I struck Juror 29, Demetra Reed, for employment reasons. Demetra is a postal
clerk, and it's a situation where it's, in my opinion, that postal clerks, although they're
working for the government, nine times out of ten, and I know this is probably putting
them in a category of a few bad apples out there, but they really show strong adverse
feelings toward the government, and generally not enjoying the type of employment they
have with the government, and as well, I think her spouse is a technician with the U.S.
Postal Service. So my strike on her is simply for reasons of her employment and my
personal thought that she will have some adverse reaction to the government in this case
and will not be able to give the State a fair trial.

      Appellant's counsel then stated:
 
We submit there's no reason at all for striking Mrs. Reed because just because of her
employment, that's not sufficient reason, and we ask that we--we object to it anyway.

      The court found that the strike was not racially motivated and overruled the objection.
      It is constitutionally impermissible to exercise peremptory strikes on the basis of race. Batson
v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To raise a Batson challenge,
the opponent of a peremptory strike must make a prima facie showing of the proponent's
discriminatory use of the strike. Purkett v. Elem, --- U.S. ---, 115 S.Ct. 1769, 1770, 131 L.Ed.2d
834, 839 (1995); Emerson v. State, 851 S.W.2d 269, 273 (Tex. Crim. App. 1993). Once the
opponent makes a prima facie showing, the proponent of the strike has the burden to produce a
race-neutral explanation for the strike. Purkett, 115 S.Ct. at 1770-71, 131 L.Ed.2d at 839. If a
race-neutral explanation is given, the opponent of the strike must prove purposeful racial
discrimination. Id.
      The prosecution's peremptory challenge of a black venireman is "race neutral" when based
on the juror's employment by the U.S. Postal Service, despite the employment's non-relevance
to jury duty. Tompkins v. State, 724 S.W.2d 195, 205 (Tex. Crim. App. 1987). The Tompkins
court noted "the challenge after all is still a peremptory one."
      When the state's explanation is race neutral on its face, the burden of persuasion shifts back
to the accused to establish by a preponderance of the evidence that the reasons given were merely
pretext for the state's racially-motivated use of its peremptory strike. Salazar v. State, 818
S.W.2d 405, 490 (Tex. Crim. App. 1991); Williams v. State, 804 S.W.2d 95, 102 (Tex. Crim.
App. 19 ), cert. denied, 111 S.Ct. 2875. At a minimum, this requires that some effort be exerted
by the accused to rebut the explanation given by the state. Calderon v. State, 847 S.W.2d 377,
381 (Tex. App.—El Paso 1993).
      A reviewing court must consider the evidence in the light most favorable to the trial court's
ruling. Salazar, at 408. In the instant case, the State established a racially neutral explanation of
its challenge of Juror Reed; the prosecutor's explanation was race neutral on its face; the trial
court found the stated reason constituted a racially neutral explanation. It is not this court's office
to judge the credibility of the trial judge. Tompkins, at 205.
      Appellant made no effort to rebut the explanation given by the State. Appellant's counsel only
asserted, "There's no reason at all for striking Mrs. Reed -- just because of her employment." 
Appellant has failed to demonstrate that the trial court's ruling was clearly erroneous.
      Point one is overruled.
      Point two: "The trial court erred by allowing the State to amend the indictment on the day
the trial on the merits began."
      The record reflects that the indictment was altered on June 21, 1995, the same day that jury
selection and trial on the merits began. On June 21, 1995, the State filed a motion to amend the
indictment by changing the words, "4 grams or more but less than 200 grams," to "1 gram or
more but less than 4 grams." The motion was agreed to by Appellant and he waived the 10-day
notice of the amendment before proceeding to trial.
      Appellant contends Article 28.10 of the Code of Criminal Procedure precludes amendment
of the indictment on the day that trial on the merits began; that the State had no authority to amend
the indictment on the day of trial; that defendant had no right to agree to such amendment; and the
trial judge erred by authorizing the amendment.
      As noted, the alteration to which Appellant objects for the first time on appeal was a reduction
of the amount of cocaine alleged to be in Appellant's possession. Originally alleged as "4 grams
or more but less than 200 grams," was altered to allege "1 gram or more but less than 4 grams."
      In this case, the possession of the smaller amount of cocaine is a lesser-included offense of
possession of the greater amount originally alleged. Porter v. State,, 873 S.W.2d 729 (Tex.
App.—Dallas 1994, pet. ref'd).
      Eastep v. State, No. 368-96, decided February 5, 1997, by our Court of Criminal Appeals,
is directly on point and holds the State may alter the charging instrument if the effect of the
alteration reduces the prosecution to a lesser-included offense. The court further held that this
type of alteration is an abandonment, not an amendment, and thus Article 28.10 is not applicable.
      We hold that the trial court's alteration of the indictment here was an abandonment and not
an amendment, and that Article 28.10 is inapplicable.
      Point two is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 16, 1997
Do not publish