Affirmed and Memorandum Opinion filed April 29, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01085-CR

___________________

 

Christopher James McDaniel,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1115328

 



 

 

MEMORANDUM OPINION

Appellant Christopher James McDaniel
was convicted of murder and sentenced to eighteen years’ imprisonment.  In two
issues, appellant argues that the evidence is legally and factually
insufficient to support his conviction.  We affirm.  

                                                                                        
I.           
Factual and
Procedural Background

            On January 8,
2006, Christopher Stallings and his girlfriend, Monica Foster, were lying in
bed when they heard a loud kick at the front door of Stallings’s third-floor apartment. 
Over Foster’s protestations, Stallings jumped out of bed and ran out the front
door to investigate.  Foster heard Stallings yell “What’s up, bitch?” to
someone outside the apartment; this was followed by a loud gunshot.  Foster
then went outside and saw Stallings, covered in blood, dragging himself through
the breezeway outside his door.  

            Foster called
911, and members of the Harris County Sheriff’s Department arrived at the scene
within five minutes.  Stallings had suffered severe trauma to his head and was
struggling to breathe.  Paramedics arrived shortly thereafter and transported
Stallings to a local hospital.  Crime scene investigators searched the scene
and found shotgun wadding[1]
in a puddle of blood in the breezeway, as well as a bloody T-shirt belonging to
Stallings.  Shotgun pellets were also found in the ceiling and in pieces of
trim along the breezeway.  This evidence led investigators to conclude that Stallings
had been shot with a shotgun.  Officers performed gunshot residue tests on
Foster and another individual but found no evidence that either of them had
recently fired a gun.  No fingerprint, blood, or DNA evidence belonging to
anyone other than Stallings was recovered from the scene.  Additionally, no
shotgun or shotgun shells were recovered.  Foster did not see who shot
Stallings, and none of the apartment complex’s residents could provide a
detailed description of the shooter.  

            In April 2006,
Crime Stoppers received an anonymous tip that led officers to develop appellant
as a suspect in the shooting.  The caller provided details of the incident that
could only be known by a person who was present at the scene or had been told
about the shooting.  Based on this tip, Sergeant Craig Clopton—the lead
investigator in the case—obtained a warrant for appellant’s arrest.  Sergeants Clopton
and Felipe Rivera transported appellant to a local sheriff’s office after
executing the warrant at appellant’s mother’s apartment.  Appellant was
informed of his rights and provided a written statement in which he admitted
his involvement in the shooting.  He was subsequently indicted for aggravated
assault.  On September 28, 2006, Stallings died as a result of his injuries.  The
assault charges against appellant were dropped, and appellant was indicted for
murder.  

At trial, Foster testified for the State about the
night of the shooting.  She stated that Stallings was shot after leaving the
apartment to investigate the loud kick on his front door.  Several members of
the Harris County Sheriff’s Department testified about Stallings’s condition
when they arrived on the scene.  They also outlined the collection of the
shotgun pellets and wadding and other evidence obtained at the scene.  Lloyd
White, a Deputy Medical Examiner for the Tarrant County Medical Examiner’s District,[2] testified about the
cause of Stallings’s death.  An examination of Stallings’s body showed that he
had been shot in the head with a shotgun.  As a result, he underwent major head
surgery where a large portion of his skull had been removed and replaced.  Shotgun
pellets were found inside Stallings’s scalp and brain, and his brain showed “a
very large area of scarring” caused by surgery.  White concluded that Stallings
suffered serious complications related to the shotgun wound and that these
complications caused Stallings’s death.  

Appellant’s written statement was also entered into
evidence.  Sergeant Clopton testified that appellant, after being informed of
his rights on two separate occasions, waived his rights and voluntarily
provided the statement.  In his statement, appellant admitted that he was at
Stallings’s apartment complex on the night of the shooting.  He stated that he
and a group of five friends[3]
decided to kick on apartment doors and run away, and that the group was passing
a Mossberg twelve-gauge shotgun between them at the time.  Appellant claimed he
was on the ground floor when one of his friends kicked on the door of a
third-floor apartment.  A man came out of the door, and appellant and one of
his friends ran through the first-floor breezeway to the other side of the
building.  The man saw the young men running away and yelled out “You punk
bitch.”  One of appellant’s friends threw the shotgun down as they ran away.  According
to appellant, he tried to catch the gun, but his finger “accidentally hit the
trigger and the shotgun went off” as the butt of the gun hit the ground.  Appellant
heard the man on the third floor scream in pain, but did not look up to see
where he had been shot.  Appellant then picked up the empty shell casing, ran
away, and threw the casing in a dumpster somewhere away from the apartment
complex.  Appellant stated that the shooting was an accident and that he did
not intend to shoot or hurt anyone.  

Sergeant Clopton testified that he did not believe
appellant was completely honest while giving this statement because some of
appellant’s facts did not match the evidence gathered from the scene.  Based on
the investigation, Sergeant Clopton believed the shotgun was not fired from the
ground floor.  He stated that the shotgun wadding and pellets would have had to
travel through a slab of concrete to reach the third floor from the ground
floor.  Sergeant Clopton additionally testified that Mossberg-brand shotguns
are pump-action, meaning that a shell would not be expelled unless someone intentionally
pulled the pump.  He stated that Mossberg shotguns also commonly have trigger
guards that prevent accidental firings.  Sergeant Clopton also stated that
appellant provided information that only someone who was at the scene could
have known.  For example, appellant’s statement matched Foster’s version of
events in that Stallings exchanged words with someone outside his door before
shots were fired.  Appellant also stated that Stallings was shot with a shotgun
and that he took the shotgun shell from the scene.  Investigators knew a
shotgun was involved, and they did not recover a shell from the surrounding
area.  During cross-examination, Sergeant Clopton agreed that appellant’s
statement was the only evidence linking appellant to the shooting.  

Appellant testified on his own behalf at trial and alleged
that he was not informed of his rights at the time of his arrest or when his
interrogation began.  Appellant admitted initialing and signing the statement,[4] but denied giving
the statement, reading the statement before signing it, or knowing anything about
the shooting.  Appellant also stated that he signed the statement only after Sergeant
Clopton threatened to arrest his mother and sister if he did not cooperate.  Sergeants
Clopton and Rivera denied threatening appellant in any way and stated that
appellant was informed of his rights on several occasions and voluntarily
waived them.  

Appellant testified that he was living with a family
member in Texas City, which is in Galveston County, on the date of the shooting
and that he was not in Harris County when the shooting occurred.  While
appellant stated that he gave this information to police, Sergeant Rivera
testified the sheriff’s department never received any information that
appellant was not in Harris County when the shooting occurred.  Appellant’s cousin,
aunt, and mother each testified that appellant lived with his aunt in Texas
City from around January 4, 2006 until March 2006.  None of these family
members could specifically account for appellant’s whereabouts on the day of
the shooting, but they each stated he was not in Houston.  During the two years
appellant was in custody prior to trial, none of his family members informed law
enforcement that he was not in Houston when the shooting occurred.  Appellant admitted
that he did not work or attend school while in Texas City, so there was no
other evidence showing he resided there.  In rebuttal, the State introduced a
letter written by appellant’s brother while appellant was incarcerated which
stated that appellant’s family members could not say what appellant was doing
on January 8, 2006.  

After hearing all the evidence, the jury convicted
appellant of murder and assessed punishment at eighteen years’ confinement.  In
two issues, appellant contends the evidence is legally and factually
insufficient to support his conviction.[5]

                                                                                             
II.           
Legal Sufficiency
of the Evidence

Appellant was charged in a two-paragraph indictment
under sections 19.02(b)(1) and 19.02(b)(2) of the Texas Penal Code, and the
jury charge tracked the language of the indictment.  The indictment’s first
paragraph alleged that appellant intentionally and knowingly caused Stallings’s
death by shooting Stallings with a deadly weapon, namely a firearm.  See
Tex. Penal Code Ann.
§ 19.02(b)(1) (Vernon 2003).  The indictment’s second paragraph alleged
that appellant intended to cause serious bodily injury to Stallings and caused
Stallings’s death by intentionally and knowingly committing an act clearly
dangerous to human life, namely shooting Stallings with a firearm.  See id.
§ 19.02(b)(2) (Vernon 2003).  In his first issue, appellant contends the
evidence is legally insufficient to support his conviction because the State
failed to prove he “committed the offense of murder as alleged in the
indictment.”  

1.      Standard
of Review

In conducting a legal-sufficiency review, we view the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  We do not ask whether we believe the evidence at trial
established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 318–19 (1979).  We may not re-weigh the evidence and substitute our
judgment for that of the trier of fact.  King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000).  The jury is the exclusive judge of the credibility
of witnesses and of the weight to be given to their testimony.  Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Reconciliation of
conflicts in the evidence is within the exclusive province of the jury.  Id. 
We must resolve any inconsistencies in the testimony in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  

2.      Discussion

A person commits murder if he intends to cause
serious bodily injury and commits an act clearly dangerous to human life that
causes the death of an individual. See Tex.
Penal Code Ann. § 19.02(b)(2).  “Serious bodily injury” is defined
as bodily injury creating a substantial risk of death or causing death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ. See id. § 1.07(a)(46) (Vernon 2003
& Supp. 2009); Trevino v. State, 228 S.W.3d 729, 736 (Tex.
App.—Corpus Christi 2006, pet. ref’d).  A person acts intentionally, or with
intent, with respect to the nature of his conduct or to a result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause
the result.  Tex. Penal Code Ann.
§ 6.03(a) (Vernon 2003).  

In homicide prosecutions, the defendant’s state of
mind is a question of fact that must be determined by the jury.  See Brown
v. State, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003).  The jury may infer
an intent to cause serious bodily injury from (1) the acts and words of the
accused, (2) the manner in which the offense was committed, (3) the nature of
the wounds inflicted, and (4) the relative size and strength of the parties.  Payne
v. State, 194 S.W.3d 689, 694 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d); see also Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App.
2004) (stating intent may be inferred from circumstantial evidence including
the acts, words, and conduct of the accused).  The State is not required to
prove an intent to kill in a prosecution under penal code section 19.02(b)(2). 
See Medina v. State, 7 S.W.3d 633, 638 n.4 (Tex. Crim. App. 1999);
Ramirez v. State, 229 S.W.3d 725, 729 (Tex. App.—San Antonio 2007, no
pet.).  

In his statement provided to Officer Clopton,
appellant acknowledged shooting Stallings after he and a group of friends
intentionally kicked on Stallings’s front door.  An extrajudicial confession
alone will not support a conviction unless there is some evidence outside of
the confession, considered alone or in connection with the confession, showing beyond
a reasonable doubt that the charged crime occurred.  See Salazar v. State,
86 S.W.3d 640, 644–45 (Tex. Crim. App. 2002).  In murder cases, this
requirement is satisfied if the evidence shows the criminal act of one person
caused the death of another.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).  Here, the evidence shows that appellant and his friends were
passing a loaded shotgun among themselves before Stallings was shot.  Appellant
fired the shotgun, heard Stallings scream out in pain, and then ran from the
scene.  The evidence further shows that Stallings suffered severe injuries from
the shotgun blast and that he died eight months later due to complications from
the gunshot wound.  

After considering appellant’s confession, the manner
in which Stallings was shot, and the nature and severity of Stallings’s wounds,
the jury could properly infer that appellant intended to cause Stallings
serious bodily injury.  See Payne, 194 S.W.3d at 694.  The jury could
also reasonably infer that appellant caused Stallings’s death while
intentionally committing an act clearly dangerous to human life by shooting
Stallings with a shotgun.  See Forest v. State, 989 S.W.2d 365, 368
(Tex. Crim. App. 1999) (stating that “firing a gun in the direction of an
individual is an act clearly dangerous to human life”); Goodin v. State,
726 S.W.2d 956, 959 (Tex. App.—Fort Worth 1987), aff’d, 750 S.W.2d 789
(Tex. Crim. App. 1988) (finding intent to cause serious bodily injury or death
from defendant’s admission that he pointed gun at deceased and pulled the trigger). 
The State, therefore, met its burden of proving appellant committed murder as alleged
in the second paragraph of the indictment.  See Tex. Penal Code Ann. § 19.02(b)(2).  

After reviewing the record in the light most
favorable to the verdict, we find that appellant’s written statement, combined
with evidence showing the charged offense occurred, provides sufficient
evidence to support appellant’s conviction.  See Salazar, 86 S.W.3d at
644–45; McDuff, 939 S.W.2d at 614.  We conclude that a rational trier of
fact could have found the essential elements of the charged offense beyond a
reasonable doubt.  See Salinas, 163 S.W.3d at 737.  The evidence
is therefore legally sufficient to support appellant’s conviction.[6]  We overrule
appellant’s first issue.  

                                                                                    
III.           
Factual Sufficiency
of the Evidence

1.      Standard
of Review

In his second issue, appellant contends the evidence
is factually insufficient to support his conviction.  In a factual-sufficiency
review, we review all the evidence in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then
ask (1) whether the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the jury’s verdict seems clearly wrong
and manifestly unjust or (2) whether the jury’s verdict is against the great
weight and preponderance of the evidence due to conflicting evidence.  Id.
at 414–15.  A jury finding is not manifestly unjust merely because the jury
resolved conflicting views of evidence in favor of the State.  Cain v. State,
958 S.W.2d 404, 410 (Tex. Crim. App. 1997).  The jury is the sole judge of the
facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  The
jury may choose to believe all, some, or none of the testimony presented.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B.,
133 S.W.3d 869, 872 (Tex. App.—Dallas 2004, no pet.).  In our review, we
discuss the evidence appellant contends is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  

2.      Discussion

Appellant insists the evidence is factually
insufficient due to several inconsistencies and inaccuracies.  At trial,
defense counsel pointed out the inconsistencies and inaccuracies between the
version of events contained in appellant’s confession and Sergeant Clopton’s
testimony concerning how Stallings was shot.  In his confession, appellant
stated he fired the shotgun “accidentally” while trying to catch it in
mid-air.  Sergeant Clopton testified this was improbable because Mossberg
shotguns possess trigger guards to prevent accidental firings.  Appellant also
stated in his confession that he was standing on the ground floor of
Stallings’s apartment building when he fired the shotgun.  Sergeant Clopton
stated this scenario was unlikely because the location and spread of the
shotgun pellets imbedded in the ceiling and trim of the third floor did not
match the spread of pellets that would have resulted from a shotgun being fired
from the ground floor.  Sergeant Clopton also stated the shotgun wadding found at
the scene could not have penetrated the concrete floors between the ground and
third floors.  Sergeant Clopton testified he did not believe appellant was
being completely truthful when giving his confession, and stated the physical
evidence showed that Stallings was shot from near a stairway leading from the
building’s third floor to the second floor.  

            Not all of the
facts contained in appellant’s confession, however, contradicted the evidence
gathered from the scene.  For instance, appellant’s statement that Stallings
was struck by a shotgun blast is supported by the evidence.  Appellant’s
confession indicates that Stallings was shot after appellant and his friends
kicked on Stallings’s front door.  This is corroborated by Foster’s testimony that
she heard a gunshot after Stallings raced to check on a loud kick they heard at
the door.  Appellant’s confession and Foster’s testimony are also similar in
that they each note Stallings’s curses were directed toward an individual
outside his door.  Additionally, appellant admitted picking up the shotgun
shell ejected after firing the weapon, and investigators were unable to find a
shotgun shell while collecting evidence.  Sergeant Clopton agreed that much of
the information contained in appellant’s confession matching the evidence
collected by investigators could only have been provided by someone who knew
details concerning the shooting or was present when Stallings was shot.  

The jury is the sole judge of the facts and the
credibility to be given to the evidence.  See Wyatt, 23 S.W.3d at 30.  The
jury is also free to consider all of the evidence and to believe or disbelieve
any portion of a confession.  Sorto v. State, 173 S.W.3d 469, 475 (Tex.
Crim. App. 2005); see also Herrero v. State, 124 S.W.3d 827, 834–35
(Tex. App.—Houston [14th Dist.] 2003, no pet.) (overruling appellant’s argument
that inconsistencies in trial testimony and the lack of physical evidence tying
appellant to a murder created factually insufficient evidence to support his
conviction); Torres v. State, 92 S.W.3d 911, 916–17 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d) (overruling appellant’s factual-sufficiency
challenge and stating that jury could choose to believe incriminating
statements made by appellant to others).  In this case, the jury apparently
chose to believe that appellant confessed to shooting Stallings, despite any
inconsistencies between his confession and the evidence at trial.  The
evidentiary conflicts pointed out by appellant’s counsel at trial do not render
the evidence factually insufficient to support appellant’s conviction.  

            Defense counsel
also emphasized the conflicting evidence regarding appellant’s whereabouts on
the night Stallings was shot.  In his confession, appellant admitted to being
at Stallings’s apartment complex on the night of the shooting.  However, appellant
testified at trial that he was in Texas City when Stallings was shot.  Appellant
testified that, during police questioning, he informed investigators he was in
Texas City when the shooting occurred.  Sergeant Rivera, who was present during
portions of appellant’s police interview, denied this contention.  Several of
appellant’s family members also testified that appellant could not have shot
Stallings because he was in Texas City when the incident occurred.  To rebut
this contention, the State introduced the letter written by appellant’s brother
stating that several members of the family told appellant’s attorney that they
could not say what appellant was doing on the night of the shooting.  Additionally,
none of appellant’s family members told anyone of appellant’s alibi until they
testified at trial, and no one could say where appellant was at the time of the
shooting.  When questioned by the State, appellant admitted that he was unable
to provide any evidence showing he worked or attended school during the period
he was allegedly in Texas City to support his alibi.  

As discussed above, the jury is free to believe or
disbelieve any portion of any witness’s testimony.  See Wyatt, 23 S.W.3d
at 30.  Based upon the jury’s verdict, the jury chose to believe the portion of
appellant’s confession in which he admitted being at Stallings’s apartment
complex when the shooting occurred rather than the testimony indicating appellant
was in Texas City.  A factual-sufficiency challenge will not be sustained
simply because there is conflicting evidence upon which the fact finder could
have reached a different conclusion.  Manning v. State, 112 S.W.3d 740,
747 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  After conducting a
neutral review of the evidence, we cannot say, with some objective basis in the
record, that appellant’s conviction is clearly wrong or manifestly unjust, or
that the great weight of the evidence preponderates against the jury’s verdict. 
See Watson, 204 S.W.3d at 414–17.  We therefore find the evidence to be
factually sufficient to support appellant’s conviction.  We overrule
appellant’s second issue.  

Conclusion

            After reviewing
the record, we find that the evidence is both legally and factually sufficient
to support appellant’s conviction.  We therefore affirm the trial court’s
judgment.  

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] A crime scene
investigator testified that shotgun wadding is material inside a shotgun shell
that either holds the shell’s lead plug or pellets.  When a shotgun is fired,
the wadding is ejected from the barrel along with the slug or the pellets.  





[2] Stallings was initially
treated in Harris County but was eventually transferred to Tarrant County for
further treatment and hospice care.  Stallings died in Tarrant County.  





[3] Appellant declined to
identify any of his companions.  





[4] Appellant’s initials are present
twice next to each of the statutory warnings set forth in the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 38.22, § 2(a) (Vernon 2005).  His
initials are also present at the beginning and end of each paragraph of the
statement’s text.  The full signatures of appellant and Sergeants Clopton and
Rivera are present at the end of the statement.  





[5] The State urges us to
overrule appellant’s issues because they are inadequately briefed.  Issues may
be overruled if an appellant’s brief does not “contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P.
38.1(i); see also Russeau v. State, 171 S.W.3d 871, 881 (Tex.
Crim. App. 2005) (overruling two of appellant’s issues as inadequately briefed
because “appellant provide[d] no argument or authority” with respect to the
issues).  Here, appellant sets forth the applicable standards of review for
legal and factual-sufficiency challenges in his brief, but fails to apply
relevant law to the evidence.  However, public policy disfavors disposing of
appeals based upon harmless procedural defects.  See Few v. State, 230
S.W.3d 184, 189 (Tex. Crim. App. 2007); see also, e.g., Aguilar
v. State, 202 S.W.3d 833, 837 (Tex. App.—Waco 2006, pet. ref’d)
(considering appellant’s legal and factual sufficiency issues in the interest
of justice when appellant failed to clearly state which elements of the State’s
case he was challenging).  Accordingly, in the interest of justice, we will
consider appellant’s challenges to the sufficiency of the evidence.  





[6] Where, as here, the jury
charge authorizes the jury to convict on several different theories, a general
verdict of guilty will be upheld so long as the evidence is sufficient under
any one of the theories.  See Swearingen v. State, 101 S.W.3d 89, 95
(Tex. Crim. App. 2003); Herrin v. State, 125 S.W.3d 436, 441 (Tex. Crim.
App. 2002).  Because we conclude the evidence is legally sufficient to sustain
appellant’s conviction under section 19.02(b)(2) of the penal code, we need not
discuss section 19.02(b)(1).